1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORDSTROM, INC., a Washington corporation, | NO. |
| Plaintiff, | COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, AND DAMAGES |
| v. | JURY DEMAND |
| XL INSURANCE AMERICA, INC.; ACE AMERICAN INSURANCE COMPANY; AIG SPECIALTY INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; and IRONSHORE SPECIALTY INSURANCE COMPANY. | |
| Defendants. | |

Nordstrom, Inc. alleges for its Complaint as follows:

## I.  INTRODUCTION

1.1.    This is an insurance coverage dispute.  It arises out of the unprecedented, nationwide, and sustained period of civil unrest that was sparked by the tragic killing of George Floyd at the hands of Minneapolis police officers on May 25, 2020.  While most of the ensuing protests were peaceful, a small percentage turned violent.  As a result of this civil unrest,

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

Nordstrom stores nationwide suffered property damage, looting, and business interruption loss estimated at almost $25 million.

1.2.     It is undisputed that Nordstrom's property insurance policies cover the loss. However, the insurers have refused to recognize that the civil unrest and resulting loss constitute a single "Occurrence" within the meaning of the governing policy language.  Instead, in a transparent effort to keep most of the loss within Nordstrom's deductible, the insurers claim that each destructive event is a separate "Occurrence."  The insurers' position is that Nordstrom's civil unrest loss does not constitute "a [l]oss or series of losses or several losses, which are attributable directly or indirectly to one cause . . . or to one series of similar causes arising from a single event . . . irrespective of the period of time or area over which such losses occur," in the language of most of the policies, or "any one loss . . . or series of losses arising out of one event," as provided in two of the policies.  This position ignores the broad batching effect of the policy language and the interrelated nature of the events that caused Nordstrom's loss.

1.3.     Accordingly, in this action Nordstrom seeks:

1.3.1.  A declaration of the rights, duties, and liabilities of the parties under the insurance policies issued to Nordstrom by defendants with respect to Nordstrom's loss from the nationwide civil unrest; and

1.3.2.  Damages for defendants' breach of their contractual duties under the policies.

## II.  THE PARTIES

2.1.     **Plaintiff Nordstrom, Inc.**  Plaintiff Nordstrom, Inc. is a Washington corporation, with its primary place of business in Seattle, Washington.  Founded in 1901 in Seattle as a retail shoe store, Nordstrom went on to become one of the leading U.S.-based fashion retailers.  In

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 2

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

addition to its robust online retail business, Nordstrom operates approximately 350 brick-and-mortar retail stores in 40 U.S. states and Canada, employing more than 50,000 workers.

2.2. **Defendant XL Insurance America, Inc.** Defendant XL Insurance America, Inc. is a foreign corporation domiciled in Delaware, with its primary place of business in Stamford, Connecticut.

2.3. **Defendant ACE American Insurance Company.** Defendant ACE American Insurance Company is a foreign corporation domiciled in Pennsylvania, with its primary place of business in Philadelphia, Pennsylvania.

2.4. **Defendant AIG Specialty Insurance Company.** Defendant AIG Specialty Insurance Company is a foreign corporation domiciled in Illinois, with its primary place of business in New York, New York.

2.5. **Defendant Continental Casualty Company.** Defendant Continental Casualty Company is a foreign corporation domiciled in Illinois, with its primary place of business in Chicago, Illinois.

2.6. **Defendant Ironshore Specialty Insurance Company.** Defendant Ironshore Specialty Insurance Company is a foreign corporation domiciled in Arizona, with its primary place of business in Boston, Massachusetts.

### III.  JURISDICTION AND VENUE

3.1. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction over Nordstrom's claims based on 28 U.S.C. § 1332(a). There is complete diversity between Nordstrom and the defendant insurers and the amount in controversy is greater than $75,000.

3.2. **Subject Matter Jurisdiction.** This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between the parties because the

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 3

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

facts alleged show that there is a substantial controversy between Nordstrom and the defendant insurers that warrants the issuance of a declaratory judgment.

3.3.     **Personal Jurisdiction.**  This Court has personal jurisdiction over the parties.

3.4.     **Venue.**  Venue is proper in this Court under 28 U.S.C. § 1391.  A substantial part of the events giving rise to the claim occurred in Seattle, Washington.

## IV.  FACTUAL BACKGROUND

### A.     George Floyd's Killing and the Resulting Nationwide Civil Unrest

4.1.     George Floyd was killed by Minneapolis police officers on May 25, 2020.  His death prompted a renewed examination and national discussion of systemic racism in American society, as well as waves of protests around the country and the world.   Nordstrom supports the ideals of the Black Lives Matter movement and believes that tremendous change is needed to address the issues facing Black people in our country today.  Nordstrom has committed to strive to be a positive force for change in every community it serves.

4.2.     George Floyd's killing sparked a period of nationwide civil unrest unseen in this country for a generation or more.  The protests, most of which were peaceful demonstrations in support of racial equity in policing, created an opportunity for some individuals to engage in looting, property destruction, and arson.  The unrest began on May 28, 2020 and continued for several months.

### B.     Nordstrom's Response to the Nationwide Civil Unrest

4.3.     Nordstrom became aware of the risk of damage to its stores from civil unrest shortly after the killing of George Floyd and immediately took action to ensure the safety and security of its employees, customers, communities, and property.  Nordstrom boarded up its stores and reinforced displays, doors, and windows.  It hired security guards to protect stores

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

from damage and looting, set up remote video monitoring, and secured or removed high-end merchandise.

4.4.    On May 31, 2020, Nordstrom closed all of its stores nationwide in the interest of the safety and security of its employees, customers, communities, and property.

**C.    Despite its Efforts, Nordstrom Sustained Significant Loss**

4.5.    All of Nordstrom's stores were impacted by the nationwide civil unrest, whether a store was broken into, vandalized, closed, boarded up, or some combination thereof.  As a result, Nordstrom incurred significant property damage and business interruption loss.  Nordstrom's ongoing calculations indicate that its loss will total nearly $25 million.  This loss includes a combination of property damage, looting, damage to merchandise, vandalism, damage to store and restaurant fixtures, board-up costs, store closures and cleanup expenses, security costs, repair costs, business interruption loss, and more.

**D.    Insurance Policies at Issue**

4.6.    For the period of December 1, 2019, to December 1, 2020, defendants sold all-risk property insurance policies to Nordstrom ("the Policies"), covering direct physical loss or damage to insured property occurring during the policy term.  The Policies each provide coverage for a fixed percentage of a $25 million quota-share layer of coverage over a $1 million per-occurrence deductible.

4.7.    The XL Insurance America, ACE American Insurance Company, and Continental Casualty Company Policies define "Occurrence" in relevant part as a "[l]oss, or a series of losses or several losses, attributable directly or indirectly to one cause or disaster or to one series of similar causes or disasters arising from a single event.  All such losses are to be added together and the total amount of such losses shall be treated as one occurrence, regardless of the period of

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 5

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

time or area over which such losses occur."  The Policies contain coverages for, but not limited

to, protection and preservation of property and time element loss.

4.8.    The AIG Specialty Insurance Company and Ironshore Specialty Insurance

Company Policies define an "Occurrence" somewhat differently.  In those Policies, "occurrence"

is defined as "any one loss, disaster, casualty, or series of losses, disasters, or casualties, arising

out of one event."  In the context of civil commotion, vandalism and malicious mischief, the

"one event" from which the "series of losses" flow "shall be construed to be all losses arising

during a continuous period of 72 hours."  Nordstrom has the right to choose when the 72-hour

period, and thus the "one event," begins.

**E.      Nordstrom's Efforts to Obtain the Coverage to Which it is Entitled**

4.9.    Nordstrom timely notified the defendant insurers of its loss on or about June 2,

2020.

4.10.    Nordstrom has thus far requested reimbursement from the insurers in the amount

of $20 million.  It has provided documentary evidence of its loss, including supporting invoices

and proofs of payment, to defendants.

4.11.    Nordstrom has promptly responded to the insurers' numerous additional requests

for information related to the nationwide civil unrest loss.  The insurers currently have the

majority of Nordstrom's claim information, including its proof and accounting of the loss.

4.12.    The insurers have paid Nordstrom only $4.7 million, including an unallocated

advance of $2 million.

4.13.    Although the insurers have not taken a formal position as to the number of

occurrences implicated by Nordstrom's nationwide civil unrest claim, they have indicated they

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 6

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

believe the claim involves multiple occurrences and, therefore, multiple $1 million per-occurrence deductibles.

4.14.    Nordstrom's nationwide civil unrest claim arises out of a single occurrence under the Policies.

4.15.    All other conditions precedent to recovery under the Policies have been satisfied or discharged.

## V.  FIRST CLAIM: DECLARATORY JUDGMENT

5.1.    **Incorporation by Reference.**  Nordstrom realleges the allegations of paragraphs 1.1 through 4.15 above.

5.2.    **Duty to pay.**  Under the Policies, Defendants undertook to pay Nordstrom for direct physical loss or damage to insured property occurring during the policy term.

5.3.    **Breach of Duties under the Policies.**  Defendants have breached their duty to pay by failing to fully reimburse Nordstrom for its nationwide civil unrest loss in response to Nordstrom's tender and by failing and refusing to acknowledge that Nordstrom's loss is the result of a single occurrence and within Defendants' duty to pay under the Policies.

5.4.    **Actual Controversy.**  An actual controversy of a justiciable nature presently exists between Nordstrom and Defendants regarding the proper construction of the Policies and the rights and obligations of the parties with respect to this claim.  Issuance of declaratory relief by this Court will terminate the existing and any future controversies between the parties.

5.5.    **Relief Sought.**  Nordstrom asks the Court to declare that the nationwide civil unrest that followed George Floyd's killing constitutes a single "occurrence" under each of Defendants' Policies.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 7

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

## VI.  SECOND CLAIM: BREACH OF CONTRACT

6.1.    **Incorporation by reference.**  Nordstrom realleges the allegations of paragraphs 1.1 through 5.5 above.

6.2.    **Breach of Contract.**  Defendants have failed and refused to:  (1) fully reimburse Nordstrom for its covered loss; and (2) acknowledge that Nordstrom's loss constitutes a single covered occurrence under the Policies.

6.3.    **Damages.**  As a direct and proximate result of the breaches of these insurance contracts, Nordstrom has been deprived of the benefits of its insurance coverage with respect to its nationwide civil unrest claim.

6.4.    **Additional Damages.**  As another direct and proximate result of defendants' breaches of their Policies, Nordstrom has been forced to incur attorney's fees and other expenses in order to prosecute this action.

## VII.  JURY DEMAND

7.1.    Pursuant to Federal Rule of Civil Procedure 38, Nordstrom demands a jury on all issues so triable.

## VIII.  PRAYER FOR RELIEF

Nordstrom prays for the following relief:

8.1.    **Declaratory Judgment.**  A declaratory judgment in favor of Nordstrom that: (1) it is entitled to coverage under each of the Policies; (2) Nordstrom's nationwide civil unrest loss is the result of one occurrence; and (3) a single $1 million deductible applies to Nordstrom's loss.

8.2.    **Money Damages.**  For money damages, in an amount to be proved at trial, together with pre-judgment and post-judgment interest.

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 8

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

8.3.    **Attorney's Fees and Costs of Suit.**  For reasonable attorney's fees and costs, including, without limitation, actual attorney's fees pursuant to *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

8.4.    **Other Relief.**  For such other and further relief as the Court deems just, proper, and equitable.

DATED this 5th day of March, 2021.

GORDON TILDEN THOMAS & CORDELL LLP
Attorneys for Plaintiff

By:   s/ *Franklin D. Cordell*
        Franklin D. Cordell, WSBA #26392
        fcordell@gordontilden.com

By:   s/ *Michael Rosenberger*
        Michael Rosenberger, WSBA #17730
        mrosenberger@gordontilden.com

By:   s/ *Guinevere Becker Bogusz*
        Guinevere Becker Bogusz, WSBA #52937
        gbogusz@gordontilden.com

600 University Street, Suite 2915
Seattle, Washington  98101
206.467.6477

COMPLAINT FOR DECLARATORY RELIEF
AND DAMAGES – JURY DEMAND - 9

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477